UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. C. MURPHY, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-844-JTM-JEM |
| WARDEN, | |
| Respondent. | |

OPINION and ORDER

Robert A. C. Murphy, a prisoner without a lawyer, filed a habeas petition challenging his conviction for murder under Case No. 18C05-903-MR-1. Following a jury trial, on March 10, 2006, the Delaware Circuit Court sentenced Murphy to sixty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Murphy has sought federal habeas relief in connection with this conviction. He first attempted to obtain habeas relief in *Murphy v. Superintendent*, 3:16-CV-606 (N.D. Ind. dismissed Apr. 17, 2018), but the court denied his habeas petition on the merits. He also attempted to obtain habeas relief in *Murphy v. Neal*, 1:19-CV-2526 (S.D. Ind. dismissed Aug. 14, 2019), and in *Murphy v. Warden*, 1:19-CV-4667 (S.D. Ind. dismissed Jan. 8, 2020), but these petitions were dismissed as unauthorized successive petitions. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the

government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Murphy to file a successive petition, Murphy cannot proceed on one here, so the court dismisses this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Murphy a certificate of appealability.

As a final matter, the court observes that this habeas petition comprises Murphy's third effort to pursue an unauthorized successive petition at the federal district court level. At this point, Murphy knows that he cannot obtain relief by filing additional habeas petitions with this court to challenge his conviction or sentence in Case No. 18C05-903-MR-1 without prior authorization from the Seventh Circuit. He has also declared, under penalty of perjury, that he has never challenged this conviction before in federal court (DE # 2 at 3, 5), despite initiating three other federal habeas cases and three habeas-related proceedings with the Seventh Circuit Court of Appeals. While the court declines to issue sanctions at this time, the court cautions Murphy against filing any further unauthorized habeas petitions challenging his conviction and

sentence in Case No. 18C05-903-MR-1 and against making material misstatements to the court.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Robert A. C. Murphy a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED.**

Date: November 5, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT